IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ALLEN LEE, <br><br> Plaintiff, <br><br> v. <br><br> C/SGT. LISA ROGERS, c/o ALAN BIANCO, c/o BENJAMIN VARGAS, c/o SHAWN MANIS, c/o ISAAC WARD, c/o ZACHARY FINN, c/o GENO MUSKAT, c/o MIGUEL GARZA, and c/o LOUIS HOVEL, in their individual capacities, and THOMAS DART, in his official capacity as SHERIFF OF COOK COUNTY, ILLINOIS, and COUNTY OF COOK, <br><br> Defendants. | Case No. 1:19-cv-2862 <br><br> Honorable Gary Feinerman |

## **PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Michael Allen Lee ("Plaintiff"), by and through undersigned counsel, complains of violations of his constitutional rights by defendants Rogers, Bianco, Vargas, Manis, Ward, Finn, Muskat, Garza, and Hovel, in their individual capacities; Sheriff Thomas Dart, in his official capacity; and the County of Cook, (collectively, the "Defendants"), and states as follows:

### **INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the U.S. Constitution.

2. Lee, a pretrial detainee in Cook County Jail (the "Cook County Jail" or the "Jail"), was alone in his cell, when a correctional sergeant ordered eight correctional officers, some holding riot gear, into his cell. The officers smashed his face against the wall, pushed him to the ground, and repeatedly punched and kicked him. When Lee got off the ground, his nose was broken and

severely bleeding. Lee had to be taken to the hospital immediately, where he had surgery to try to repair the damage to his nose. As a result of the attack, Lee has suffered permanent damage to his nose with impaired breathing and continued pain. Defendants' excessive use of force against Lee was not a good faith attempt to maintain order or discipline, but rather a means of punishment.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983.

4. This Court has federal question jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

5. Venue is proper under 28 U.S.C. § 1391(b) and (c). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

## THE PARTIES

6. Lee was at all relevant times a citizen of the United States and a pretrial detainee at the Cook County Jail.

7. Correctional Sergeant Rogers and Correctional Officers Bianco, Vargas, Manis, Ward, Finn, Muskat, Garza, and Hovel were employed by the Cook County Sheriff's Office at the Cook County Jail during the relevant period. As such, these Defendants were acting at the Jail under the color of law. They are being sued in their individual capacities.

8. Thomas Dart is the Sheriff of Cook County. As Sheriff, Dart oversees the Cook County Sheriff's Office, which was the employer of Rogers, Bianco, Vargas, Manis, Ward, Finn, Muskat, Garza, and Hovel. The Cook County Sheriff is responsible for the acts of these Defendants while they are acting within the scope of their employment with the Cook County Sheriff's Office. As the Sheriff of Cook County, Dart is responsible for the policies and practices

of the Cook County Sheriff's Office and the Cook County Jail; he is responsible for hiring, training, and supervising the Jail's employees; and he is responsible for maintaining the safety of detainees. Dart is being sued in his official capacity.

9. Cook County is a county of the State of Illinois. Cook County administers itself through departments, of which is the Cook County Sheriff's Office. Cook County, Illinois is liable for any judgments related to its agents and employees arising in the course of their employment.

## FACTUAL ALLEGATIONS

10. On the afternoon of March 31, 2019, Lee was alone in his cell when it flooded with water from the toilet. Lee needed to be removed so that the Jail's sanitation crew could clean it.

11. Sergeant Rogers approached Lee's cell, with the eight Correctional Officer Defendants. She ordered Lee to get to the ground at the back of the cell where there are no cameras.

12. Lee complied with Rogers' request and went to the back of the cell, faced the wall, got on his knees, and placed his hands behind his back.

13. Upon Sergeant Rogers order, the Correctional Officer Defendants stormed into Lee's cell, two of them—Finn and Bianco— carrying glass shields.

14. Without any provocation, the Officers smashed Lee's face against the wall, forced him to the ground, and punched and kicked him. Eventually, Sergeant Rogers yelled "enough" and the assault stopped.

15. As a result of the assault, Lee's nose was visibly broken and severely bleeding.

16. On information and belief, video cameras recorded some of these events, and the video recording is in the possession or control of the Cook County Sheriff's Office.

17. Lee was taken to the Jail's medical staff who observed he had a deviated septum and was bleeding from a laceration in the center of his nose and from his nostrils. The medical

staff determined that Lee's injuries required emergency treatment, and he was taken by ambulance to Stroger Hospital for treatment.

18. The physicians at Stroger Hospital diagnosed Lee with a nasal fracture, and he underwent two procedures to attempt to repair his nose.

19. Lee still experiences severe pain, bleeding, and impaired breathing due the damage done to his nose, and his nose is crooked. Lee regularly must take medicine to try to lessen his pain.

20. Lee filed a grievance and complained directly to supervisors at the Jail about this incident. On information and belief, despite video cameras recording some of the incident, no action was taken to meaningfully investigate the excessive force or take corrective action against any of the any of the Officers or Sargent.

## COUNT I
## SECTION 1983 EXCESSIVE FORCE

21. Lee incorporates paragraphs 1 through 20 of his Complaint and restates them herein.

22. As more fully described above, Rogers, Bianco, Vargas, Manis, Ward, Finn, Muskat, Garza, and Hovel, acting under color of law, intentionally and without cause physically abused Lee. Defendants used force against Lee, not in a good faith effort to maintain or restore discipline, but to maliciously cause harm and to punish him.

23. As a result of the Defendants' unjustified and excessive use of force, Lee suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

24. Defendants' conduct was objectively unreasonable and violated Lee's rights under the Fourteenth Amendment.

25. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to Lee's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Allen Lee respectfully requests that this Court enter judgment in his favor on Count I in his Complaint and against Defendants and order as follows:

A. Order that compensatory damages be awarded in an amount to be determined in favor of Plaintiff;

B. Order that punitive damages be awarded in an amount to be determined in favor of Plaintiff against each of the individual Defendants in their individual capacities;

C. Order that Defendants be enjoined from further infringement of Plaintiff's constitutional rights;

D. Order that Defendants be ordered to pay all of Plaintiff's costs and reasonable attorneys' fees incurred in prosecuting this action; and

E. Order any other relief that the Court deems just and proper.

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

Date: January 31, 2020

Respectfully submitted,

**MICHAEL ALLEN LEE**

By: /s/ Mark H. Horwitch
      One of His Attorneys

Mark H. Horwitch
Amie M. Bauer
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
mhorwitch@tdrlawfirm.com
abauer@tdrlawfirm.com
Firm No. 38234

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of **Plaintiff's Amended Complaint** was electronically filed with the Clerk of Court by using the CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification on this 31st day of January, 2020.

/s/ Mark H. Horwitch